**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| DAVID M. PINI, | : | |
| individually and on behalf of all others similarly situated, | : | Case No.: 25-cv-2194 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SULLIVAN COUNTY, New York, individually and | : | |
| on behalf of all others similarly situated, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT WITH CLASS ALLEGATIONS AND DEMAND FOR JURY TRIAL

Plaintiff David M. Pini ("Plaintiff") brings this action individually and on behalf of all others similarly situated ("Plaintiff Class"), against Sullivan County ("Defendant"), individually and on behalf of all other similarly situated governmental entities ("Defendant Class"), and hereby states:

### NATURE OF THE ACTION

1.     This case seeks relief from New York governmental taxing entities' practice of unconstitutionally taking Plaintiff's and Plaintiff Class members' property for public use without providing just compensation.

2.     After Sullivan County and the Defendant Class foreclosed on a property for taxes owed, they sold, retained, or transferred the property. But rather than keep ONLY the amount owed in taxes (including fees and costs) and reimburse the taxpayer the remaining balance, Sullivan County and the Defendant Class members unconstitutionally took all the property, meaning the full amount of the sale proceeds including the full equity of the property above and

beyond what was owed in taxes and associated fees (the "Surplus Proceeds"). They retained these Surplus Proceeds without compensating Plaintiff or members of the Plaintiff Class.

3.      This lawsuit seeks to compensate Plaintiff and the Plaintiff Class members for the taking of their Surplus Proceeds and ensure they receive just compensation.

4.      The Supreme Court of United States recently held that taking proceeds in excess of the tax debt owed is unconstitutional. In *Tyler v. Hennepin County*, 598 U.S. 631 (2023), the Supreme Court unanimously held that the government's retention of proceeds in excess of the tax debt owed using a process which lacked provisions to compensate foreclosed property owners for the excess proceeds violates the U.S. Constitution's prohibition on the taking of private property for public use without just compensation.

5.      Sullivan County's and other similarly situated local governments' takings of Surplus Proceeds also violate the New York Constitution's prohibition on the taking of private property for public use without just compensation.

6.      The taking of Surplus Proceeds also violates the U.S. and New York Constitutions' prohibition on the imposition of excessive fines because taking the Surplus Proceeds amounts to a punitive fine that is grossly disproportionate to the underlying offense of unpaid taxes, which is often a value that is a small fraction of the Surplus Proceeds.

7.      This action seeks to certify a plaintiff class of New York property owners and those with an interest in property whose interests in the Surplus Proceeds were taken, and to certify a defendant class of New York local governments that kept the Surplus Proceeds.

8.      Plaintiff also and independently asserts claims under the Fifth Amendment of the United States Constitution directly for violation of the Takings Clause prohibiting takings without just compensation; under 42 U.S.C. § 1983 for takings without just compensation; for violation of

the Takings Clause, Article I, § 7 of the New York Constitution; for a declaratory judgment that Article 11 of New York's Real Property Tax Law, and more specifically Real Property Tax Law § 1136 violates the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution; for unjust enrichment; for money had and received; and for an equitable accounting, and/or inverse condemnation, together with prejudgment interest, costs, and attorneys' fees and all other relief allowed by law or equity.

**JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction of this action as the federal claims in this Complaint arise under the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment to the United States Constitution and, as a result, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

10.      This Court has supplemental jurisdiction over the legal and equitable claims in this Complaint arising under New York law pursuant to 28 U.S.C § 1367 since those claims arise out of a common nucleus of operative facts with the federal claims that are within the Court's original jurisdiction.

11.      Venue of this action is properly laid in the United States District Court for the Northern District of New York, pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), as, among other factors, Defendant Sullivan County is within its geographic jurisdiction. A substantial part of the events that give rise to the claims occurred here, and certain property that is the subject of the action is located here, including the property in Sullivan County formerly owned by Plaintiff.

**THE PARTIES**

**A.  PLAINTIFF**

**David Pini**

3

12.    Plaintiff David M. Pini ("Plaintiff") owned property in Town of Tusten, Sullivan County described as Lot 3, on a map entitled "River's Edge Subdivision," also known as Loc No./APN 3.-1-3.3 ("Property"). See Exhibits A through C, attached hereto and incorporated herein.

13.    Defendant Sullivan County, New York filed a foreclosure action, in which foreclosure was ordered on August 11, 2022 and entered on August 12, 2022 (as Index #2019-1859). See, Exhibit A.

14.    On August 15, 2022, the Tax Deed reflecting the above and transferring all right, title, and interest to the Property to Sullivan County was executed and subsequently recorded (on the same day) in the Sullivan County Clerk's Office. See Exhibit B.

15.    Subsequently, on or about January 23, 2023, the County of Sullivan conveyed and transferred title to the Property to a third-party for approximately $61,000. See, Exhibit C.

16.    The sale produced Surplus Proceeds, being an excess above and beyond the amount lawfully owed by Plaintiff for delinquent taxes and charges.

17.    Defendant Sullivan County retained all the proceeds of this sale despite Plaintiff only owing, upon information and belief, approximately $7,000.00 in past due taxes and charges.

18.    These acts constituted a 'taking' under the Fifth Amendment of the United States Constitution, and under Article I, Section 7 of the New York Constitution.

19.    This excess equity was not returned to Plaintiff.

20.    Plaintiff was not provided just compensation for these taken Surplus Proceeds, as a result of the process, described herein, which did not compensate for the taking of the Surplus Proceeds.

21.    Plaintiff suffered a taking without just compensation.

22.    The members of the putative class are similarly situated, having property taken from them in excess of the amount they owed for taxes or other obligations, and having been denied just compensation.

23.    To this day, Sullivan County has not refunded the Surplus Proceeds to Plaintiff, but rather uniformly used a process that did not compensate Plaintiff or the putative Plaintiff Class members for the taking of the Surplus Proceeds.

**B.    DEFENDANT SULLIVAN COUNTY**

24.    Defendant Sullivan County is a municipal corporation organized and existing pursuant to the laws of the State of New York.

25.    Defendant Sullivan County and the other Defendant Class members sold, retained, or transferred foreclosed properties in a process, described herein, that does not compensate the taxpayers, such as Plaintiff, for the taking of their Surplus Proceeds.

26.    Defendant Sullivan County and the other Defendant Class members engaged uniformly in a process that stripped Plaintiff and the Plaintiff Class of their interest in the Surplus Proceeds without paying them just compensation.

27.    Defendant Sullivan County and the other Defendant Class members therefore unconstitutionally took the Surplus Proceeds without providing just compensation.

28.    Defendant Sullivan County and the Defendant Class members act uniformly as to all relevant practices when undertaking these unconstitutional takings. All Defendants are juridically related and a single resolution would be expeditious.

**GENERAL ALLEGATIONS**

**The process by which delinquent taxes are enforced through foreclosure**

29.    New York law, RPTL 902, places an automatic lien on the Property each year taxes are levied. This lien attaches regardless of delinquency, automatically.

30.    Specifically, RPTL 902 provides:

The amount of all taxes, special ad valorem levies and special assessments levied upon any parcel of real property by the board of supervisors shall, except as otherwise expressly provided by law, be and become a lien thereon as of the first day of January of the fiscal year for which levied and shall remain a lien until paid.

31.    Failure to pay the amounts owed results in a delinquent tax under RPTL 1102[2].

32.    "Delinquent tax" is defined by RPTL 1102[2] as "an unpaid tax, special ad valorem levy, special assessment or other charge imposed upon real property by or on behalf of a municipal corporation or special district, plus all applicable charges, relating to any parcel which is included in the return of unpaid delinquent taxes prepared pursuant to section nine hundred thirty-six [936] of this chapter or such other general, special, or local law as may be applicable."

33.    The aforementioned RPTL 936[2], as referenced in RPTL 1102[2], allows an additional percentage to the delinquency amount:

In making the return of unpaid taxes, the collecting officer shall add five per centum [5%] to the amount of each tax as levied. In the event that the collecting officer fails to do so, the county treasurer shall make such addition. In a county in which there is a local law in effect pursuant to section nine hundred twenty-eight-b [928(b)] or section nine hundred seventy-two [972] of this chapter providing for the collection of taxes in installments, the five per centum [5%] provided by this subdivision shall not be added to the taxes which a real property owner has elected to pay in installments pursuant to section nine hundred twenty-eight-b [928(b)] or section nine hundred seventy-five [975] of this chapter. Such five per centum [5%] shall be added by the county treasurer to the amount of such taxes as shall have remained unpaid after the date upon which the last installment was due as provided in such local law. The amount of such added per centum shall thereafter be deemed part of the amount of the unpaid tax.

34.    Further, the applicable additional "charges" as referenced in the definition of "delinquent tax" are, pursuant to RPTL 1102:

(a) the cost of the mailing or service of notices required or authorized by this article; (b) the cost of publication of notices required or authorized by this title; (c) the amount of any

interest and penalties imposed by law; (d) the cost of recording or filing legal documents required or authorized by this article; and (e) the reasonable and necessary cost of any search of the public record required or authorized to satisfy the notice requirements of this article, and the reasonable and necessary expenses for legal services of a tax district in connection with a proceeding to foreclose a tax lien; provided, that: (i) a charge of up to one hundred fifty dollars per parcel shall be deemed reasonable and necessary to cover the combined costs of such searches and legal expenses, and such an amount may be charged without substantiation, even if salaried employees of the tax district performed the search or legal services; and (ii) a tax district may charge a greater amount with respect to one or more parcels upon demonstration to the satisfaction of the court having jurisdiction that such greater amount was reasonable and necessary.

35.    If delinquent taxes (as described above, being the principal and allowed additional charges and percentages) remain unpaid for ten (10) months from the lien date, the enforcing officer is required to file a list of delinquent properties with the County Clerk, per RPTL 1122.

36.    Specifically, RPTL 1122 provides:

Ten months after lien date, or as soon thereafter as is practicable, but no sooner than one month after the receipt of the return of unpaid taxes, the enforcing officer of each tax district shall execute a list of all parcels of real property, except those excluded from such list in the manner provided by section eleven hundred thirty-eight [1138] of this article, affected by delinquent tax liens held and owned by such tax district.

37.    Thereafter, when 11 additional months elapse without proper payment (that is, a total of 21 months after the lien date), the enforcing officer is authorized to bring a foreclosure action on the property pursuant to RPTL 1123.

38.    Specifically, RPTL 1123 provides:

Twenty-one months after lien date, or as soon thereafter as is practicable, the enforcing officer shall execute a petition of foreclosure pertaining to those properties which remain subject to delinquent tax liens; provided, however, that in the case of property which is subject to a three or four year redemption period, such petition shall be executed thirty-three or forty-five months after lien date, respectively, or as soon thereafter as is practicable.

39.    If the owner of the property fails to answer the foreclosure petition or fails to redeem the property by not paying all the delinquent taxes and charges and percentage by the expiration of the redemption period (governed by RPTL 1110), a judgment is entered pursuant to

RPTL 1123 and 1136, authorizing the divestiture of title of the property from the owner, and authorizing the enforcing officer to file a deed taking full and complete title to the property from the owner and transferring it to the Tax District, here Defendant County.

40.    Specifically, RPTL 1123 and 1136 provide:

Twenty-one months after lien date, or as soon thereafter as is practicable, the enforcing officer shall execute a petition of foreclosure pertaining to those properties which remain subject to delinquent tax liens; provided, however, that in the case of property which is subject to a three or four year redemption period, such petition shall be executed thirty-three or forty-five months after lien date, respectively, or as soon thereafter as is practicable. §1123[1].

All persons . . . who may have had any right, title, interest, claim, lien or equity of redemption in or upon such parcel, shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption. §1136[3].

41.    Upon taking of title of the property from the owner, the Tax District may keep the property for government use, or is authorized by RPTL 1166 to sell the property.

42.    Specifically, RPTL 1166 provides:

Whenever any tax district shall become vested with the title to real property by virtue of a foreclosure proceeding brought pursuant to the provisions of this article, such tax district is hereby authorized to sell and convey the real property so acquired, which shall include any and all gas, oil or mineral rights associated with such real property, either with or without advertising for bids, notwithstanding the provisions of any general, special or local law.

43.    Nothing in the statutory scheme afforded the named Plaintiff and the putative class member return of their Surplus Proceeds.

44.    Sullivan County and members of the Defendant Class sold, retained, or transferred properties they had previously foreclosed upon in which Plaintiff and members of Plaintiff Class had an interest; and following sale, retention, or transfer of the properties, Plaintiff and members of the Plaintiff Class did not receive any of their Surplus Proceeds or compensation therefor.

45.    Sullivan County and members of Defendant Class failed to compensate the taxpayer for the Surplus Proceeds. Instead, Sullivan County and members of Defendant Class unconstitutionally took the full value of the property, including the excess equity.

46.    The ongoing failure of Sullivan County and Defendant Class to provide Plaintiff and the Plaintiff Class compensation for the Surplus Proceeds from properties sold, transferred, or retained: (1) constitutes a continuing violation of the U.S. and New York constitutions, and (2) constitutes continuing wrongful conduct giving rise to the other claims the Plaintiff and Plaintiff Class assert herein.

47.    With each passing day that Sullivan County and the Defendant Class retain the Surplus Proceeds and fail to compensate Plaintiff and the Plaintiff Class members: (1) a new violation arises of the U.S. and New York constitutions, and (2) the other claims Plaintiff and the Plaintiff Class assert herein also newly arise.

48.    The Supreme Court of the United States has declared unconstitutional the practice of local government tax authorities retaining Surplus Proceeds of tax foreclosure sales.

49.    The Government may not "forc[e] some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 U.S. 40, 49 (1960).

50.    To that end, on May 25, 2023, the United States Supreme Court held that the retention of excess proceeds following the sale of a foreclosed-upon property for unpaid taxes constitutes a "classic taking in which the government directly appropriates private property for its own use." *Tyler*, 598 U.S. at 639.

51.    Through its tax foreclosure process and procedure, Sullivan County took the Surplus Proceeds from the sale or retention of foreclosed property in excess of taxes owed and

correspondingly failed to compensate the taxpayer for the Surplus Proceeds, in violation of the principle announced in *Tyler*.

52.     A small number of taxing entities have opted not to implement the procedure set forth in Article 11. However, many of these entities enacted and followed analogous local laws, procedures and practices whereby they seize and sell foreclosed-upon property, transfer the property to a land bank, or retain the property, and retain the Surplus Proceeds, without compensating the former property owner for the Surplus Proceeds owed to them, or providing just compensation therefor.

53.     In contrast, several taxing authorities across the State of New York, regardless of Article 11 or local procedure, chose to refund surplus proceeds, and thereby avoid violating the United States Constitution, New York State Constitution, and other legal obligations.

54.     Both the Fifth Amendment to the United States Constitution and Article I, Section 7 of the New York Constitution declare the same prohibition: "Private property shall not be taken for public use without just compensation."

55.     The New York and United States Constitutions also prohibit the imposition of excessive fines. The Eighth Amendment of the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed." Similarly, Article I, Section 5 of the New York Constitution provides: "Excessive bail shall not be required nor excessive fines imposed, nor shall cruel and unusual punishments be inflicted, nor shall witnesses be unreasonably detained."

56.     The Fourteenth Amendment to the United States Constitution makes the Fifth and Eighth Amendments of the United States Constitution applicable to States. It provides, in pertinent part, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property,

without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

## CLASS ACTION ALLEGATIONS

57.    Plaintiff Pini respectfully requests that this Honorable Court enter an Order certifying this action as a Class Action on behalf of a proposed Plaintiff Class and against a proposed Defendant Class.

### **Plaintiff Class**

58.    Plaintiff request that this Court enter an Order certifying this action as a Plaintiff Class Action pursuant to Rule 23(a), 23(b)(1)(A), (B), 23(b)(2), and 23(b)(3). Plaintiff requests the Court to certify a Plaintiff Class defined as follows:

> All Persons and entities, their heirs and successors, who owned or had an interest in real property that Sullivan County or a member of Defendant Class foreclosed upon to satisfy unpaid real estate taxes, other local government charges, and/or associated charges, where such property was subsequently: (1) sold during the Class Period for more than the amount necessary to satisfy such taxes and associated charges, and the local government tax authority failed to compensate the taxpayer for the surplus; (2) retained during the Class Period by the local government tax authority and the value of the property was more than the amount necessary to satisfy such unpaid real estate taxes, other local government charges, and/or associated charges and the local government tax authority failed to compensate the taxpayer for the surplus; or (3) transferred during the Class Period to another entity during the Class Period and the value of the transferred property exceeded such unpaid real estate taxes, other local government charges, and/or and associated charges, and the local government entity failed to compensate the taxpayer for the surplus.

> Excluded from Plaintiff Class are Defendants, any presiding Judge(s), and Court staff assigned to this case, Plaintiff reserves the right to modify or amend Plaintiff Class Definition, as appropriate, during the course of this litigation. Plaintiff further requests that the Court appoint counsel for the named Plaintiff as Plaintiff Class counsel.

59.    The Class Period is the longest period allowed by law before the filing of this action, and thereafter.

60.    The members of Plaintiff Class are so numerous that their individual joinder is impracticable. On information and belief, members of Plaintiff Class number at least in the thousands. The precise number of members of the Plaintiff Class and their current addresses are presently unknown to Plaintiff Pini but may be ascertained from County and other local government property and tax records. Class members may be notified of the pendency of this action by mail, email, text, Internet postings, and/or publication.

61.    Common questions of law and fact exist as to all members of Plaintiff Class and predominate over questions affecting only individual Class members. Such common questions of law or fact include:

a)    Whether Sullivan County and the Defendant Class (defined *infra* at ¶ 65) committed a taking of Plaintiff Pini and the Plaintiff Class members' property without just compensation in violation of the Fifth Amendment of the United States Constitution;

b)    Whether Sullivan County and the Defendant Class have been unjustly enriched by retaining Surplus Proceeds following the sale, retention, or transfer of foreclosed-upon properties;

c)    Whether Sullivan County and the Defendant Class's taking of Plaintiff and Plaintiff Class members' property for public use was without "compensation first assessed and tendered" in violation Article I, Section 7 of the New York Constitution;

d)    Whether Sullivan County and the Defendant Class imposed an excessive fine on Plaintiff and Plaintiff Class members in violation of the Eighth Amendment to the United States Constitution;

     e)     Whether Sullivan County and the Defendant Class imposed an excessive fine on Plaintiff and Plaintiff Class members in violation of Article I, Section 5 of the New York State Constitution;

     f)     Whether N.Y. Real Prop. Tax Law § 1136[2](d), on its face or as applied violates the Fifth, Eighth, or Fourteenth Amendments to the U.S. Constitution and should be declared unconstitutional;

     g)     Whether local laws, procedures or practices on their face or as applied violate the Fifth, Eighth, or Fourteenth Amendments to the U.S. Constitution; and

     h)     Whether Sullivan County and the Defendant Class are liable for inverse condemnation of Plaintiff and Plaintiff Class members' property.

62.     Plaintiff's claims are typical of the claims of the other members of the Plaintiff Class, because, among other reasons, Plaintiff and all members of the Plaintiff Class suffered the same type of injury, namely, Sullivan County or members of the Defendant Class unconstitutionally took Plaintiff and Plaintiff Class members' property, *i.e.* the Surplus Proceeds, without providing Plaintiff or the Plaintiff Class members just compensation for the Surplus Proceeds.

63.     Plaintiff is an adequate class representative because his interest does not conflict with the interests of the other class members he seeks to represent. Moreover, he has retained counsel competent and experienced in class action litigation, including tax surplus takings litigation specifically, and such counsel will prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the Plaintiff Class.

64.     A class action is superior[1] to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and members of Plaintiff Class individually are relatively small compared to the burden and expense that would be required to separately litigate their claims against Defendants, so it would be uneconomical and impracticable for so many Plaintiff Class members to individually seek redress for the wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

**Defendant Class**

65.     Plaintiff also requests the Court to certify this action as a defendant class action pursuant to Rule 23(a), 23(b)(1)(A), (B), 23(b)(2) and 23(b)(3); designate Sullivan County as the representative; and to appoint counsel for Sullivan County as Defendant Class counsel.

66.     Plaintiff request certification of "Defendant Class" defined as follows:

67.     All local government tax authorities in New York that either: (1) sold real property for non-payment of taxes, other local government charges, and/or associated charges during the Class Period for a sum greater than the debt and associated charges owed to the tax authorities, and failed to compensate the taxpayer for the Surplus Proceeds; or (2) retained real property for non-payment of taxes, other local government charges, and/or associated charges during the Class Period that had a value great than the debt and associated charges owed to the tax authorities, and failed to compensate the taxpayer for the surplus value; or (3) transferred the foreclosed property to another entity during the Class Period that was worth more than the debt

---

[1] Indeed, the fact that there is a related individual case in *Cavaluzzi v. County of Sullivan*, S. Dist. of New York Case No. 1:23-cv-11067 with 25 individual plaintiffs evidences the need to capture the rest of the similarly situated individuals in Sullivan County (and beyond) in a class action, which is and will be superior to dozens if not hundreds or even thousands of more individual cases being filed across the County and/or State of New York.

owed to the tax authorities, and offered no opportunity for the taxpayer to recover the excess value. Plaintiff reserves the right to modify or amend the Defendant Class definition, as appropriate, during the course of this litigation.

68.     The members of the Defendant Class acted in a uniform manner as to all relevant practices either pursuant to N.Y. Real Prop. Tax Law § 1136 or other state and local laws or practices in New York when they took Surplus Proceeds and failed to compensate the taxpayer for the surplus.

69.     Individual joinder is impracticable compared to establishing a Defendant Class consisting of the numerous local governments. Prosecuting separate actions by or against the individual Defendant Class members could establish incompatible standards of conduct. Defendant Class members may be notified of the pendency of this action by mail, email, text, Internet postings, and/or publication.

70.     Common questions of law and fact exist as to all members of Defendant Class and predominate over questions affecting only individual Defendant Class members. Such common questions of law or fact include:

> a)     Whether Sullivan County and the Defendant Class committed a taking of Plaintiff and Plaintiff Class members' property without just compensation in violation of the Fifth Amendment of the United States Constitution;
>
> b)      Whether Sullivan County and the Defendant Class have been unjustly enriched by retaining Surplus Proceeds following the sale of foreclosed properties;
>
> c)     Whether Sullivan County's and members of Defendant Class's takings of Plaintiff and the Plaintiff Class members' property for public use without

just compensation violated Article I, Section 7 of the New York Constitution;

d)     Whether Sullivan County and the Defendant Class imposed an excessive fine on Plaintiff and the Plaintiff Class members in violation of the Eighth Amendment to the United States Constitution;

e)     Whether Sullivan County and the Defendant Class imposed an excessive fine on Plaintiff and the Plaintiff Class members in violation of the New York State Constitution;

f)     Whether N.Y. Real Prop. Tax Law § 1136, on its face or as applied by Sullivan County and the Defendant Class violated the Fifth, Eighth, or Fourteenth Amendments to the U.S. Constitution;

g)     Whether local laws, procedures or practices on their face or as applied by Sullivan County and the Defendant Class violated the Fifth, Eighth, or Fourteenth Amendments to the U.S. Constitution; and

h)     Whether Sullivan County and the Defendant Class are liable for inverse condemnation.

71.     Sullivan County's and the Defendant Class members' defenses are typical of the defenses of the other members of Defendant Class. Plaintiff and all members of the Plaintiff Class suffered the same type of injury, namely, Defendants and each member of the Defendant Class unconstitutionally took Plaintiff's and the Plaintiff Class members' property without providing just compensation.

72.     Defendant Sullivan County and each member of the Defendant Class acted consistently and uniformly as to all relevant practices to: (1) N.Y. Real Prop. Tax Law §

1136[2](d); or (2) other state or local law, procedures or practices to take Plaintiff's and the Plaintiff Class members' property rights to surplus equity.

73.    Sullivan County is an adequate Defendant Class representative because its interests do not conflict with the interests of the Defendant Class members it represents and each Defendant shares the same defenses.

74.    Members of the proposed Defendant Class are too numerous to be individually named. On information and belief, during the Class Period, several hundred local government entities collected property taxes, foreclosed on real estate to collect back taxes and associated charges, and foreclosed and did not provide taxpayers their constitutional right to recover Surplus Proceeds from their property after Defendants sold, retained, or transferred, the property.

75.    It would be impracticable and an undue burden on the courts, Plaintiff and the Plaintiff Class, and members of the Defendant Class to litigate and try hundreds if not thousands of individual actions against every local government tax authority in New York, rendering it uneconomical for Plaintiff and the Plaintiff Class to obtain just compensation for the unconstitutional takings that Sullivan County and the members of the Defendant Class have perpetrated.

76.    A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.

77.    Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I
## VIOLATION OF THE UNITED STATES CONSTITUTION'S FIFTH AMENDMENT PROHIBITION ON TAKINGS WITHOUT JUST COMPENSATION

78.    Plaintiff realleges all previous paragraphs as if fully set forth herein.

79.    Plaintiff and members of the Plaintiff Class have a cognizable property interest in the Surplus Proceeds that the Fifth Amendment to the United States Constitution and its Takings Clause protects.

80.    Defendants physically took the Plaintiff's and Plaintiff Class members' real property, and physically took and continue to fail to tender and deliver to Plaintiff and the Plaintiff Class members their Surplus Proceeds or just compensation therefor.

81.    Sullivan County and the Defendant Class members have taken the Surplus Proceeds from the sale, retention, or transfer to a land bank of the Plaintiff's and Plaintiff Class members' properties without just compensation.

82.    Because Plaintiff and members of the Plaintiff Class have not received just compensation, Plaintiff and members of the Plaintiff Class have been forced to bear public burdens alone which, in all fairness and justice, the public as a whole should bear. This is likewise true in those situations where Sullivan County and the Defendant Class members retained properties or transferred properties to a land bank without compensating Plaintiff or the Plaintiff Class members for the excess value in the properties above the tax debt amount.

83.    Sullivan County and the Defendant Class members did not offer to pay just compensation for the Surplus Proceeds before, during, or after taking the property of the Plaintiff and the Plaintiff Class.

84.     Defendants have not provided the Plaintiff or the Plaintiff Class members just compensation for the taking of their Surplus Proceeds and have therefore violated Plaintiff's and the Plaintiff Class members' constitutional rights.

85.     Plaintiff's and the Plaintiff Class members' claims asserted herein before this Court are mature and ripe.

86.     Plaintiff and the Plaintiff Class members have suffered damages. The Takings Clause requires Defendants to pay just compensation to Plaintiff and the Plaintiff Class members for the taking of their private property.

87.     It is the policy, custom, and practice of Sullivan County and the Defendant Class members to take the Surplus Proceeds for public purposes and not deliver or tender to Plaintiff or the Plaintiff Class members just compensation therefor.

88.     Sullivan County and the Defendant Class acted under color of state law.

89.     While acting under color of state law, Sullivan County and the Defendant Class deprived Plaintiff and the Plaintiff Class of a federal constitutional right and committed a taking from them without providing just compensation.

90.     This claim arises both directly under Fifth Amendment of the United States Constitution and/or alternatively through 42. U.S.C. § 1983.

91.     Sullivan County and the Defendant Class members are persons under 42 U.S.C. § 1983.

92.     Sullivan County's and the Defendant Class's actions have caused Plaintiff and the members of the Plaintiff Class to suffer material harm pursuant to 42 U.S.C. § 1983 and/or directly under the Fifth Amendment. Sullivan County and the Defendant Class members are liable to pay Plaintiff and the Plaintiff Class members for their injuries suffered.

## COUNT II
## VIOLATION OF THE TAKINGS CLAUSE, ARTICLE I § 7, OF THE NEW YORK CONSTITUTION

93.     Plaintiff realleges all previous paragraphs as if fully set forth herein.

94.     The guarantees of Article I, Section 7 of the New York Constitution are generally coextensive with the Takings Clause of the United States Constitution.

95.     For the same reasons why Sullivan County's and the Defendant Class members' actions violate the Takings Clause of the United States Constitution, their conduct also violates Article I, Section 7 of the New York Constitution.

96.     Sullivan County's and the Defendant Class members' takings of Plaintiff's and the Plaintiff Class members' property (the Surplus Proceeds) without just compensation injured Plaintiff and the Plaintiff Class members, and they are entitled to just compensation and other relief.

## COUNT III
## VIOLATION OF THE UNITED STATES CONSTITUTION'S EIGHTH AMENDMENT PROHIBITION OF EXCESSIVE FINES, 42 U.S.C. § 1983

97.     Plaintiff realleges all previous paragraphs as if fully set forth herein.

98.     The Eight Amendment to the United States Constitution prohibits the imposition of excessive fines and applies to the states through the Fourteenth Amendment. U.S. Const. amends. VIII, XIV.

99.     Plaintiff and the Plaintiff Class assert a viable claim for violation of the Excessive Fines Clause where Sullivan County and the Defendant Class members seized and retained Plaintiff's and the Plaintiff Class members' Surplus Proceeds.

100.    Taking the Surplus Proceeds of Plaintiff and of the Plaintiff Class because of non-payment of real estate taxes and failing to compensate them for the Surplus Proceeds is punitive and grossly disproportional to the underlying offense of non-payment of taxes.

101.    Taking the Surplus Proceeds of Plaintiff and of the Plaintiff Class because of non-payment of real estate taxes and failing to compensate them for the Surplus Proceeds is an excessive fine under the Eighth Amendment to the United States Constitution.

102.    Plaintiff and the Plaintiff Class have suffered damages in an amount to be proven at trial, which include the Surplus Proceeds.

103.    The unlawful excessive fines under the United States Constitution have injured and damaged Plaintiff and the Plaintiff Class and they are entitled to relief as a result.

**COUNT IV**
**VIOLATION OF NEW YORK'S PROHIBITION ON EXCESSIVE FINES, ARTICLE I § 5 OF THE NEW YORK CONSTITUTION**

104.    Plaintiff realleges all previous paragraphs as if fully set forth herein.

105.    Article I, Section 5 of the New York State Constitution prohibits the imposition of excessive fines.

106.    New York's Excessive Fines Clause, N.Y. Const. Article I § 5, requires the same analysis as the federal clause.

107.    For the same reasons Sullivan County's and the Defendant Class members' actions violate the Excessive Fines Clause of the United States Constitution, their conduct also violates Article I, Section 5 of the New York State Constitution.

108.    Plaintiff and those similarly situated have suffered damages in an amount to be proven at trial, which damages include the Surplus Proceeds or just compensation therefor.

**COUNT V**

**DECLARATORY JUDGMENT THAT N.Y. REAL PROPERTY TAX LAW §§ 1136[2](D) AND 1136[3] VIOLATE THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

109.    Plaintiff realleges all previous paragraphs as if fully set forth herein.

110.    In material part, the Declaratory Judgments Act, 28 U.S.C. § 2201 (a), provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

111.    On its face, or as applied, today or in the past, N.Y. Real Prop. Tax Law §§ 1136[2](d) and 1136[3] violate the Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution.

112.    Plaintiff and those similarly situated in the proposed Plaintiff Class have been and will be deterred from acquiring property in the future because of the unconstitutional risks posed by the retention of foreclosure surplus and the same risks of retention of foreclosure surplus applies to any other properties in New York owned by named Plaintiff.

**COUNT VI
UNJUST ENRICHMENT**

113.    Plaintiff realleges all previous paragraphs as if fully set forth herein.

114.    Sullivan County and the Defendant Class have been enriched at Plaintiff's and the Plaintiff Class members' expense.

115.    Equity and good conscience do not permit Sullivan County and the Defendant Class to retain the Surplus Proceeds from foreclosed properties.

116.     Circumstances create an equitable obligation running from Sullivan County and the Defendant Class to Plaintiff and the Plaintiff Class.

117.     Sullivan County and the Defendant Class have received money, property, and/or value to which they are not entitled.

118.     Sullivan County and the Defendant Class were unjustly enriched when they collected and retained the Surplus Proceeds.

119.     Sullivan County and the Defendant Class are not entitled to the Surplus Proceeds in the properties of Plaintiff and Plaintiff Class.

120.     Plaintiff and the Plaintiff Class are "entitled to the surplus in excess of the debt owed" to Sullivan County and the Defendant Class members. *Tyler*, 598 U.S. at 642.

121.     When Defendant took and retained Surplus Proceeds, it forced Plaintiff and Plaintiff Class to make a greater contribution to Defendant and Defendant Class than they owed.

122.     For the foregoing reasons, Plaintiff and the Plaintiff Class members are owed restitution in the amount of the Surplus Proceeds collected by Sullivan County and the Defendant Class.

## COUNT VII
## MONEY HAD AND RECEIVED

123.     Plaintiff reallege all previous paragraphs as if fully set forth herein.

124.     Sullivan County and the Defendant Class wrongfully received the Surplus Proceeds belonging to Plaintiff and the Plaintiff Class members.

125.     Sullivan County and the Defendant Class benefitted from receipt of the Surplus Proceeds.

126.     Under principles of equity and good conscience, Sullivan County and the Defendant Class should not be permitted to keep the Surplus Proceeds.

127.   Sullivan County and the Defendant Class wrongfully received Surplus Proceeds belonging to Plaintiff and Plaintiff Class members when they collected the Surplus Proceeds because Plaintiff and the Plaintiff Class are "entitled to the surplus in excess of the debt owed" to Sullivan County and the Defendant Class. *Tyler*, 598 U.S. at 642.

128.   Plaintiff and the Plaintiff Class, by being forced to pay the Surplus Proceeds to Sullivan County and the Defendant Class to fulfill a tax debt of a lesser value, have made a greater contribution to Sullivan County and the Defendant Class than they owed. Equity and good conscience do not permit Sullivan County and the Defendant Class to retain the Surplus Proceeds.

129.   For the foregoing reasons, Plaintiff and the Plaintiff Class are owed restitution in the amount of the Surplus Proceeds collected by the Sullivan County and Defendant Class.

## COUNT VIII
## INVERSE CONDEMNATION

130.   Plaintiff realleges all previous paragraphs as if fully set forth herein.

131.   Sullivan County and members of Defendant Class:

      a)      Possess the power of eminent domain;

      b)      Intruded onto the private property of Plaintiff and the Plaintiff Class;

      c)      Intruded in a manner so serious as to amount to a compensable taking under the New York Constitution and U.S. Constitution; and

      d)      Have not exercised eminent domain power or compensated Plaintiff or members of the Plaintiff Class.

132.   Plaintiff and the Plaintiff Class have suffered damages in an amount to be proven at trial, which damages include the Surplus Proceeds.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands that:

a)  The Court determine this action may be maintained as a plaintiff
    class action pursuant to Federal Rule of Civil Procedure Rule
    23(a), 23(b)(1)(A), (B), 23(b)(2), and 23(b)(3) with Plaintiff being
    designated as class representative, and appointing Plaintiff's
    counsel as counsel for the Plaintiff Class;

b)  The Court determine this action may be maintained as a defendant
    class action pursuant to Federal Rule of Civil Procedure Rule 23(a),
    23(b)(1)(A), (B), 23(b)(2), and 23(b)(3) with Sullivan County being
    designated as the class representative, and its attorneys as counsel to
    Defendant Class;

c)  The Court issue a declaratory judgment declaring and adjudging
    that N.Y. Real Prop. Tax Law § 1136 violated the Fifth, Eighth,
    and Fourteenth Amendments to the U.S. Constitution;

d)  The Court issue a declaratory judgment declaring and adjudging that
    Sullivan County's and the Defendant Class members' taking of the
    Surplus Proceeds constituted a taking of private property for public
    use without just compensation in violation of the Fifth Amendment
    to the United States and New York Constitutions;

e)  The Court award Plaintiff and the Plaintiff Class compensatory
    damages in an amount to be determined at trial;

f)      The Court award equitable restitution to Plaintiff and the Plaintiff Class on account of the unjust enrichment of Sullivan County and the Defendant Class;

g)      The Court order Sullivan County and the Defendant Class to provide an equitable accounting of their takings of the Surplus Proceeds, including, without limitation, cash proceeds and the value of property taken and retained by Sullivan County and the Defendant Class;

h)      The Court order other equitable relief as the Court see fits, including but not limited to restitution, disgorgement, constructive trust, injunctive relief (whether mandatory or prohibitive), and/or other;

i)      The Court order Sullivan County and the Defendant Class to provide just compensation for inverse condemnation of the private property of Plaintiff and the Plaintiff Class;

j)      The Court award Plaintiff and the Plaintiff Class prejudgment and post-judgment interest, as permitted by law;

k)      The Court award Plaintiff and the Plaintiff Class their costs, reasonable litigation expenses, and reasonable attorneys' fees, as permitted by law and pursuant to 42 U.S.C. § 1988 and N.Y. C.P.L.R. 909; and

l)      The Court grant such other and further legal, declaratory, and equitable relief as the Court may deem just and proper.

**Demand for Jury Trial**

Plaintiff and the proposed Plaintiff Class demand trial by jury of all issues so triable.


Dated: March 17, 2025

/s/ *George F. Carpinello*
George F. Carpinello
**BOIES SCHILLER FLEXNER LLP**
30 South Pearl Street, 12th Floor
Albany, NY 12207
Tel: (518) 434-0600
Fax: (518) 434-0665
gcarpinello@bsfllp.com

| | |
|---|---|
| Nathan J. Fink<br>**FINK BRESSACK**<br>38500 Woodward Avenue, Suite 350<br>Bloomfield Hills, MI 48304<br>(248) 971-2500<br>nfink@finkbressack.com<br><br>Jonathan D. Pincus<br>**JONATHAN D. PINCUS, ESQ.**<br>10 Whitestone Ln<br>Rochester, NY 14618-4118<br>(585) 732-8515<br>jdp@jdpincus.com<br><br>Patrick J. Perotti, Esq.<br>Patrick J. Brickman, Esq. .<br>**DWORKEN & BERNSTEIN CO., L.P.A.**<br>60 South Park Place<br>Painesville, Ohio 44077<br>(440) 352-3391 // (440) 352-3469 Fax<br>Email: pperotti@dworkenlaw.com<br>pbrickman@dworkenlaw.com | Gregory P. Hansel<br>**PRETI FLAHERTY BELIVEAU &**<br>**PACHIOS, CHARTERED, LLP**<br>One City Center<br>P.O. Box 9546<br>Portland, ME 04112<br>(207)791-3000<br>ghansel@preti.com<br><br>Joseph C. Kohn<br>**KOHN SWIFT & GRAF, P.C.**<br>1600 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>(215) 238-1700<br>jkohn@kohnswift.com<br><br>Ronald P. Friedberg, Esq.<br>**MEYERS, ROMAN, FRIEDBERG & LEWIS**<br>28601 Chagrin Blvd., Suite 500<br>Cleveland, OH 44122<br>(216) 831-0042 // (216) 831-0542 Fax<br>Email: rfriedberg@meyersroman.com<br><br>David M. Giglio<br>**DAVID M. GIGLIO & ASSOCIATES, LLC**<br>13 Hopper Street<br>Utica, NY 13501<br>(315) 797-2854<br>davidgigliolaw@yahoo.com |

*Counsel for Plaintiff and the*
*Proposed Plaintiff Class*